# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Harvey D. Bailey, Inc.,
d/b/a Cross County Cartage,
    Plaintiff

vs

Case No. 1:09-cv-372-SJD-TSH
(Dlott, C. J.; Hogan, M. J.)

Markel Insurance Company
of Canada, et al.,
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Markel Insurance Company of Canada's (Markel) motion to dismiss (Doc. 9), Plaintiff Harvey D. Bailey, Inc.'s (Bailey), memorandum in opposition (Doc. 10), and Defendant Markel's reply memorandum. (Doc. 27). For the reasons set forth more fully below, this Court recommends that Defendant Markel's motion to dismiss be granted.

### Background

Plaintiff Bailey initiated this action on May 26, 2009, with the filing of a complaint seeking a declaratory judgment against Defendants Markel Insurance Company of Canada and Defendant Ranger Insurance Company/Fairmont Specialty Insurance. Plaintiff alleges that it is the third party beneficiary to contracts of insurance that were issued by the defendants to non-party 1341060 Ontario Ltd., d/b/a JAS Transport (JAS). Plaintiff further alleges that defendants are liable for losses incurred by Plaintiff when JAS failed to properly deliver a shipment of chocolate

candy under a motor carrier agreement between Plaintiff and JAS.

In a prior action in this Court, Plaintiff brought suit against JAS under the Carmack Amendment, 49 U.S.C. § 14706, seeking to recover damages for the losses it allegedly sustained when JAS failed to effectuate delivery of a shipment of chocolate candy pursuant to a shipping contract between JAS and Plaintiff Bailey. *See* Harvey D. Bailey, Inc., d/d/a Cross County Cartage, v. 1341060 Ontario Ltd., d/b/a JAS Transport, S.D. Ohio Case No. 1:07-cv-882. In this prior lawsuit, which involves the same set of operative facts and circumstances as the present suit, Plaintiff amended the complaint to name Markel Insurance Company of Canada and Ranger Insurance Company/Fairmont Specialty Insurance as a parties defendant. Plaintiff sought a declaratory judgment that these defendants were liable for any losses caused by JAS because they had issued insurance policies to JAS and Plaintiff Bailey was thus a third party beneficiary of the insurance contracts. (Case No. 1:07-cv-882, Doc. 7). During the course of litigation in Case No. 1:07-cv-882, the parties consented to the entry of final judgment by the undersigned United States Magistrate Judge. (Case No. 1:07-cv-882, Doc. 35). This Court granted default judgment against JAS in the amount of $71,782.98 plus costs (Case No. 1:07-cv-882, Doc. 42), but ordered that defendants Markel and Ranger be dismissed for failure to state a claim. (Case No. 1:07-cv-882, Docs. 39, 43).

In the present case, Defendant Markel moves the Court to dismiss on the grounds that the Court lacks personal jurisdiction over defendant Markel and the Court lacks subject matter jurisdiction over this action. Defendant Markel argues that Plaintiff cannot demonstrate personal jurisdiction over Markel because it is a Canadian corporation and the alleged insurance policy was issued to another Canadian corporation, JAS Transport, in Canada. Defendant also contends that plaintiff's complaint fails to satisfy the amount in controversy requirements of 28 U.S.C. § 1332, and thus there is no diversity jurisdiction underlying Plaintiff Bailey's declaratory judgment action.

Plaintiff counters that the Court has personal jurisdiction over Markel based on Markel's minimum contacts with Ohio, including filing an answer and a motion to dismiss in Case No. 1:07-cv-882, and waiving any jurisdictional arguments based on its participation in that prior case; issuing a policy of insurance with the expectation and knowledge that it could and would be relied upon in the United States, including Ohio; and causing substantial consequences in Ohio by breaching

a contract of insurance which was relied up on by an Ohio company. Plaintiff also contends that the Court has subject matter jurisdiction over this action based on diversity of citizenship because the award of $71,782.98 plus costs against JAS satisfies the requirements of 28 U.S.C. §1332, and/or in the alternative, this action is brought pursuant to the Carmack Amendment, 49 U.S.C. § 14706, and therefore the Court may exercise federal question jurisdiction pursuant to Fed. R. Civ. P. § 1331.

## Applicable Law

Under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, defendants can attack the complaint's jurisdictional allegations even though they are formally sufficient. *Baker v. Siemens Energy and Automation, Inc.*, 838 F. Supp. 1227, 1229 (S.D. Ohio 1993)(Spiegel, J.). When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The Court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The Court is entitled to resolve factual disputes and is free to weigh the affidavits, documents and other evidentiary matters presented and satisfy itself as to its power to hear the case. *Ritchie*, 15 F.3d at 598. The Court must consider factual issues in a manner that is fair to the nonmoving party. *Rogers*, 798 F.2d at 915. Plaintiff must demonstrate jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

Under a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of demonstrating that personal jurisdiction exists. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-2 (6th Cir. 1996). Plaintiff must prove jurisdiction by a preponderance of the evidence. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cit. 1998). When a District Court rules upon a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) without conducting an evidentiary hearing, the Court must consider the pleadings and affidavits in the light most favorable to plaintiff. *CompuServe*, 89 F.3d at 1262. To defeat defendant's motion, plaintiff need only establish a prima facie case of jurisdiction. *Id.* The Court does not weigh the assertions by the party

3

seeking dismissal and thereby avoids a situation wherein non-resident defendants regularly defeat jurisdiction simply by filing an affidavit that denies all the jurisdictional facts. *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991). The motion to dismiss will be granted only if all the specific facts alleged in plaintiffs complaint collectively fail to establish a prima facie case of personal jurisdiction. *Id.*

## Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. For a federal court to hear an action it must have subject matter jurisdiction based on either a federal question, 28 U.S.C. § 1331, or diversity of citizenship among the parties, 28 U.S.C. § 1332. Because federal courts are courts of limited jurisdiction, a party invoking that jurisdiction has the burden of proving it exists. The burden of proof is on the party asserting jurisdiction if it is challenged. *DeWeese v. Big O Tires*, LLC 2009 WL 1163991, *2 (S.D. Ohio 2009)(Rice, J.) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935)).

### Federal Question

In response to defendant Merkel's motion to dismiss, Plaintiff argues in an extensive footnote that even if the court lacks diversity jurisdiction over this action, the Court has federal question subject matter jurisdiction because the underlying default judgment against JAS was obtained in an action brought pursuant to the Carmack Amendment and therefore this claim likewise arises under the Amendment. (See Doc. 10, fn.3, pp. 15-16).

The Carmack Amendment to the Interstate Commerce Commission Act, 49 U.S.C. § 14706, preempts state common law remedies against common carriers for loss or damage to goods shipped in interstate commerce. The purpose of the Carmack Amendment is to "establish uniform federal guidelines designed in part to remove the uncertainty surrounding a carrier's liability when damage occurs to a shipper's interstate shipment." *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir.1987). The Amendment requires that a carrier transporting property issue a bill of lading to the shipper, and makes the carrier liable to the one entitled to recover under the bill of lading for loss of or injury to the property. *Am. Road Serv. Co. v. Consol. Rail Corp.*, 348 F.3d 565, 568 (6th Cir.2003); *Great West Cas. Co. v. Flandrich* 605 F. Supp.2d 955, 964 (S.D. Ohio 2009) *See, e.g., Plough, Inc. v. The*

*Mason and Dixon Lines,* 630 F.2d 468, 470 (6th Cir.1980).

The Amendment states in relevant part:

A carrier providing transportation or service ... shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service ... are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States.... Failure to issue a receipt or bill of lading does not affect the liability of a carrier.

49 U.S.C. § 14706(a)(1).

While actions arising under the Carmack Amendment do raise a federal question, the Court concludes that plaintiff's jurisdictional arguments are misplaced. Nothing in the language of the statute provides for a right of action by an injured party against a motor carrier or freight forwarder's insurer. In short, the Amendment does not authorize direct action suits against a motor carrier's insurer. *See Land O' Lakes v. Joslin Trucking, Inc.*, 2008 WL 5205910, * 1 (W.D. Wis. Dec. 11, 2008); *Baugh v. Reliance Insurance* Co., 2008 WL 2456704, * 2 (E. D. Pa June 16, 2008). Accordingly, plaintiff cannot state a claim against Markel under the Carmack Amendment and the statute therefore does not provide a basis for this Court's exercise of jurisdiction.

## Diversity of Citizenship

28 U.S.C. § 1332 provides in relevant part:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between—(1) citizens of different States. . . .

5

28 U.S.C. § 1332(a).

In the case sub judice, it is undisputed that there is diversity of citizenship among the parties. However, defendant Markel argues that on it's face, plaintiff's complaint seeks judgment for an amount that is less than the $75,000 threshold necessary to invoke the Court's diversity jurisdiction. Plaintiff responds that the amount in controversy is based on the default judgment against JAS, in the amount of $71,782.98 plus costs, which plaintiff "would assert . . . are in excess of four thousand dollars, thereby surpassing the threshold in any event." (Doc. 10, memorandum in opp., p. 17). Defendant contends that plaintiff's complaint cannot satisfy the jurisdictional amount because under the statute's plain reading, costs cannot be included to compute the amount in controversy.

A district court may exercise diversity jurisdiction only if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The party seeking the federal forum bears the burden of proving that the amount in controversy exceeds $75,000. *Durant v. Servicemaster Co.*, 109 Fed. Appx. 27, 29 (6th Cir. 2004); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). In actions seeking declaratory and injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Aus-Tex Exploration* 646 F. Supp.2d at 879-880(quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977))(citations omitted). Thus, "[w]here a party seeks a declaratory judgment, 'the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation.' " *Lodal, Inc. v. Home Ins. Co. of Ill.,* 156 F.3d 1230, 1998 WL 393766, at *2 (6th Cir.1998) (quoting *Beacon Constr. Co. v. Matco Elec. Co.,* 521 F.2d 392, 399 (2d Cir.1975)). In other words, in a declaratory judgment action, the general rule is that the amount in controversy is the value to the plaintiff of the rights he seeks to protect. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007); *Grange Mutual Casualty Co. V. Safeco Ins. Co. Of America*, 565 F. Supp.2d 779, 783 (E.D. Ky 2008). The Sixth Circuit has held that the jurisdictional amount is satisfied "if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount." *Kovacs v. Chesley,* 406 F.3d 393, 397 (6th Cir. 2005)(quoting *Worthams v. Atlanta Life Ins. Co.,* 533 F.2d 994, 997 (6th Cir.1976)).

For a case to be dismissed on amount-in-controversy grounds, it must appear that the plaintiff's assertion of the amount in controversy was made in bad faith.

6

*Grange Mutual*, 565 F. Supp.2d at 783 (quoting *Schultz v. Gen R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008)(internal quotations and citations omitted). *See also Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir.1993). To make a showing of bad faith, defendant must demonstrate to a legal certainty that the original claim was really for less than the amount-in-controversy requirement. *Schultz*, 512 F.3d at 756; *Aus-Tex Exploration, Inc. v. Resource Energy Technologies*, LLC 646 F. Supp.2d 874, 879 (W.D. Ky. 2009).

While defendant is correct in its assertion that 28 U.S.C. § 1332 requires that the amount in controversy "exceeds the sum or value of $75,000.00, exclusive of interest and costs." However, it misapprehends the measure of the amount sought by plaintiff in this action. Plaintiff does not seek to add interest or the costs of *this* litigation to the amount it seeks in its complaint in this case. Clearly, such amounts are excluded from a calculation of the amount in controversy under the plain language of the statute. Rather, in the underlying action against JAS plaintiff obtained a default judgment "for the sum of $71,782.98 *plus costs*." (*See* S.D. Ohio Case No. 1:07-cv-882-TSH, Doc. 41, Order, p. 3). Thus, the value of the underlying default judgment upon which plaintiff seeks to recover includes the costs associated with the prior litigation. These costs are part and parcel of the default judgment issued by this Court, and thereby constitute a portion of "the value to the plaintiff of the rights he seeks to protect.." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d at 376; *Grange Mutual*, 565 F. Supp.2d at 783; *Lodal, Inc.*, 156 F.3d 1230, 1998 WL 393766, at *2. In order to meet the jurisdictional amount, the costs would need to exceed $3,217.02. Plaintiff estimates the costs associated with the prior litigation against JAS to exceed $4,000. Consequently, plaintiff's complaint, on its face, presents a claim the value of which exceeds the $75,000.00 jurisdictional threshold. Defendant has failed to demonstrate to a legal certainty that the plaintiff's claims are actually for less than the jurisdictional minimum. *Schultz,* 512 F.3d at 756. Therefore, the Court has subject matter jurisdiction over the plaintiffs claims.

### Personal Jurisdiction

Because subject matter jurisdiction is premised on diversity of citizenship, the law of the forum state, in this case Ohio, governs whether the Court may exercise personal jurisdiction over the non-resident defendant. *Payne v. Motorists Mutual Ins. Cos.*, 4 F.3d 452, 455 (6th Cir. 1993); *Calphalon Corp. v. Rowlette*, 228 F.3d 718-721-22 (6th Cir. 2000). To be valid, the exercise of personal jurisdiction must meet both

7

the state long-arm statute and constitutional due process requirements. *Nationwide Mutual Ins. Co. v. Tryg International Ins. Co.*, 912 F.3d 790, 793 (6th Cir. 1993); *Odeh v. Auto Club Ins. Ass'n*, 2010 WL 319742, * 3 (N.D. Ohio Jan. 20, 2010).

The Ohio long-arm statute provides in relevant part:

A court may exercise personal jurisdiction over a person who acts directly or by agent, as to a cause of action arising from the person's:

... (9) Contracting to insure any person, property, or risk located within this state at the time of contracting."

Ohio Rev. Code § 2307.382.[1]

While the Ohio Supreme Court has ruled that the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause, the central inquiry remains whether minimum contacts are satisfied such that exercising jurisdiction over the non-resident defendant does not offend "traditional notions of fair play and substantial justice." *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998) (citing *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 638 N.E.2d 541, 545 n. 1 (Ohio 1994)(per curiam)). The Court's personal jurisdiction may be either general or specific. To establish general jurisdiction, a plaintiff must show that the defendant has had continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power over any and all claims the plaintiff may have against defendant. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997). By contrast, specific personal jurisdiction exposes a defendant to suit in the forum state "only on claims that 'arise out of or relate to' a defendant's contacts with the forum." *Id.* (internal citations omitted).

Defendant does not specifically object to plaintiff's argument that its conduct arguably falls within the provisions of Ohio's long-arm statute. Rather, the parties dispute whether the district court has specific personal jurisdiction over Markel under the familiar three-part test established by the Sixth Circuit in *Southern Machine Co. v. Mohasco Industries, Inc.*:

---

[1] Plaintiff's argument that the Court may exercise personal jurisdiction over defendant Markel is premised solely on this sub-section of Ohio's long-arm statute.

8

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

401 F.2d 374, 381 (6th Cir. 1968).

Plaintiff contends that specific personal jurisdiction can be premised on the territory coverage clause in the insurance contract allegedly entered into between JAS and Markel because it provides liability coverage throughout the United States, with no exception for Ohio. Plaintiff further contends that its reliance upon the insurance contract issued to JAS and Markel's understanding that industry practice favors such reliance supports the exercise of specific personal jurisdiction. Plaintiff also argues that defendant waived its right to assert lack of personal jurisdiction by entering an appearance in the prior action filed by plaintiff against JAS.

For the reasons that follow, this Court finds that personal jurisdiction over defendant Markel is lacking because defendant's conduct meets neither the requirements of the Ohio long-arm statute nor those of the Due Process clause. First, Ohio courts have found that the Ohio long-arm statute does not confer personal jurisdiction over a non-resident defendant based on a territory coverage clause in an insurance contract issued by defendant in another state to a non-resident insured. *See Jamison v. Farm Bureau Mutual Ins. Co.*, 1995 WL 490957, * 2 (Ohio Ct. App. Aug. 18, 1995); *Beauregard v. Citizens Ins. Co. of America*, 1994 WL 198821 (Ohio Ct. App. May 20, 1994). Second, assuming *arguendo* that defendant's conduct falls within the ambit of Ohio's long-arm statute, plaintiff fails to satisfy the three-part test of *Southern Machine*.

The purposeful availment requirement is meant to ensure that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts. *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1298 (6th Cir. 1989). Unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirements of contact with the forum State *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Plaintiff's reliance on an insurance contract allegedly entered into between JAS, a non-party,

9

and Markel, a non-resident defendant who does not conduct business in the state is the very essence of unilateral activity. There is no showing that defendant purposefully availed itself of the privilege of conducting activity in the forum. The fact that the insurance contract allegedly contains a territory clause which covers liability for losses in all fifty states is not the same thing as availing itself of the privilege of conducting business in Ohio. *Odeh*, 2010 WL 319742, at *6-7; *Pegourie v. Werner Enterprises, Inc.*, 2006 WL 1005145, *4 (W.D. Ky April 12, 2006); *Gagnon v. Emerson Electric Benefit Health Plan*, 2001 WL 34399192, * 3 (W.D. Mich. Aug. 13, 2001). Unlike *Payne v. Motorists Mutual Ins.*, this case does not involve an accident in Ohio, nor an underlying state court suit related to claim under the insurance contract. 4 F.3d 452, 456 (6th Cir. 1993).

Similarly, the cause of action arose from JAS's conduct, not from any activity defendant conducted in Ohio. *Id.* Defendant, a Canadian insurance company, allegedly issued a policy of insurance in Canada to a Canadian trucking company. Defendant did not engage in any activity in Ohio. The inclusion of a territory coverage clause in the insurance policy which did not specifically exclude Ohio is insufficient, by itself, to support the exercise of personal jurisdiction. *See OMI Holdings, Inc. v. Royal Insurance Co. of Canada*, 149 F.3d 1086 (10th Cir. 1998).

For these reasons, the Court finds that it lacks personal jurisdiction over defendant Markel. To the extent that plaintiff argues defendant's appearance in a prior lawsuit somehow waives its objections to jurisdiction in this action, plaintiff has not cited to any authority in support of this proposition. The Court finds it to be wholly unsupported. The defense was properly asserted in this action pursuant to Fed. R. Civ. P. 12(h). The fact that defendant Markel was dismissed from S.D. Ohio Case No. 1:07-cv-882-TSH pursuant to Fed. R. Civ P. 12(b)(6) does not foreclose dismissal in this separate action on the basis of lack of jurisdiction.

FOR THESE REASONS IT IS HEREBY RECOMMENDED THAT: defendant's motion to dismiss be GRANTED.

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Harvey D. Bailey, Inc.,
d/b/a Cross County Cartage,
    Plaintiff

vs                                        Case No. 1:09-cv-372-SJD-TSH
                                          (Dlott, C. J.; Hogan, M. J.)

Markel Insurance Company
of Canada, et al.,
    Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).